**Albert Saint IZUEL, Petitioner—Appellant,**

v.

**C.A. TERHUNE, Director California Department of Corrections; et al., Respondents—Appellees.**

No. 02–55073.

D.C. No. CV–00–01717–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2003.\*

Decided Dec. 1, 2003.

Dennis P. Riordan, San Francisco, CA, for Petitioner–Appellant.

Michael C. Keller, Stephen A. McEwen, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM\*\*

Albert Saint Izuel appeals from the district court's denial of his habeas petition. We granted a certificate of appealability on the issue "whether the prosecutor failed to reasonably investigate, pursuant to *Kyles v. Whitley,* 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), the

Upjohn Company for any exculpatory evidence it knew." We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Habeas relief is available to a state prisoner only when the state court's decision is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or is "based on an unreasonable determination of the facts in light of the evidence presented at the state Court proceeding." 28 U.S.C. § 2254(d). We conclude that the state court did not unreasonably apply clearly established federal law in ruling that the prosecutor did not violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). It is undisputed that the prosecutor was not aware of the evidence that Izuel characterizes as exculpatory. In *Kyles*, the Court held that a prosecutor has "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." 514 U.S. at 437. Here, the state court found that Upjohn was not acting on the government's behalf, but instead provided background information. We cannot say that this was an unreasonable determination of the facts in light of the evidence presented to the state court.

AFFIRMED.